**Sylvia STALLWORTH, Plaintiff–Counterclaim–Defendant–Appellant,**

v.

**WELLS FARGO ARMORED SERVICES CORP., Defendant–Counterclaim–Plaintiff–Appellee.**

**No. 90–7434.**

United States Court of Appeals, Eleventh Circuit.

July 22, 1991.

Richard J. Ebbinghouse, Gordon, Silberman, Wiggins & Childs, P.C., Birmingham, Ala., for plaintiff-counterclaim-defendant-appellant.

Robert L. Thompson, Brent L. Wilson, Elarbee, Thompson & Trapnell, Atlanta, Ga., Barry V. Frederick, Powell, Tally & Frederick, Birmingham, Ala., for defendant-counterclaim-plaintiff-appellee.

Before ANDERSON, Circuit Judge, RONEY * and LIVELY **, Senior Circuit Judges.

ANDERSON, Circuit Judge:

This case is an appeal from the district court's dismissal of a lawsuit brought un-

der Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and under 42 U.S.C. § 1981, to redress claims of sex and race discrimination.

## FACTS

After Appellant Sylvia Stallworth, a black female, was discharged from the employ of Appellee Wells Fargo Armored Services Corp., she filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of her sex and race. The cover letter from Stallworth's attorney which enclosed the charge requested that all communications and correspondence be directed to the attorney.

After apparently hearing nothing from the EEOC for approximately seven months, on May 15, 1989, Stallworth's attorney sent a letter requesting the EEOC to issue a "right-to-sue" letter. Like the cover letter accompanying the original charge, the attorney's request instructed the EEOC to send a copy to the attorney. Several days later, the EEOC sent the right-to-sue letter to the Birmingham, Alabama address given on Stallworth's EEOC charge. The EEOC did not send a copy to Stallworth's attorney. The certified mail receipt was signed by Stallworth's 25-year old nephew, Darryl Palmore, who lived at the Birmingham address. Testimony at the evidentiary hearing held by the district court indicated that Palmore never gave the letter to Stallworth.

Stallworth resided at the Birmingham address given by her on the EEOC charge prior to February 1989 and after August 1989. This was the family home. However, for a seven-month period including May 1989, Stallworth lived at a different address in Wylam, Alabama. Although Stallworth did not advise her attorney or the EEOC that her address had temporarily changed, she testified at the evidentiary hearing that she regularly received her mail at the family home, that the family practice was to retrieve the mail from the

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Pierce Lively, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

mailbox and place it in a designated place in the house, and that she had checked for mail at the family home on approximately six occasions during the month of May.[1] The unrebutted testimony was that she neither received nor knew about the right-to-sue letter.

Unaware that the right-to-sue letter had been sent by the EEOC and received by Palmore, Stallworth, through her attorney, made a second request for a right-to-sue letter on September 14, 1989. The EEOC sent another such letter, and the instant lawsuit was filed within 90 days thereafter pursuant to 42 U.S.C. § 2000e–5(f)(1). However, the district court, running the 90–day period from the time that the first right-to-sue letter was received by Palmore, dismissed Stallworth's Title VII claim as untimely filed. The district court also dismissed Stallworth's claim for discriminatory discharge under 42 U.S.C. § 1981, reasoning that such a claim is no longer cognizable in light of *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Stallworth challenges both of these rulings on appeal.

## DISCUSSION

### A. *Title VII Claim*

■ Title VII of the Civil Rights Act of 1964 requires that suit be brought within 90 days after receipt of notice of right to sue. 42 U.S.C. § 2000e–5(f)(1). In *Franks v. Bowman Transportation Co.,* 495 F.2d 398 (5th Cir.1974),[2] *reversed on other grounds,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), our predecessor circuit stated: "Where ... it is shown that the claimant through no fault of his own has failed to receive the suit letter, ... the delivery of the letter to the mailing address cannot be considered to constitute statutory notification." *Id.* at 405. In *Lewis v. Connors Steel Co.,* 673 F.2d 1240, 1243 (11th Cir.1982), we added that a plaintiff "should not be heard to complain" unless

the plaintiff has assumed the minimal "burden of advising the EEOC of address changes or ... [taken] other reasonable steps to ensure delivery of the notice to his current address." In *Bell v. Eagle Motor Lines, Inc.,* 693 F.2d 1086 (11th Cir.1982), the right-to-sue letter was delivered to plaintiff's address and signed for by his wife on December 18. Plaintiff was out of town and first learned of the letter on December 26. Applying the case-by-case approach suggested in *Lewis,* the court held that receipt of the letter by plaintiff's wife at the residence triggered the running of the 90-day period, notwithstanding the fact that plaintiff actually learned of the letter some eight days later. The court's rationale was that a plaintiff should not enjoy a manipulable, open-ended time extension which could render the statutory limitation meaningless. *See also Law v. Hercules, Inc.,* 713 F.2d 691, 692–93 (11th Cir.1983) (to the same effect).

Under the law of our circuit, the 90-day statute of limitations commences upon receipt of the right-to-sue letter. However, a plaintiff is required to assume some minimal responsibility to ensure receipt. The court has adopted a case-by-case approach in determining what constitutes receipt and when the time is triggered.

If the original right-to-sue letter which was received and signed for at the family home by Stallworth's nephew triggers the statute of limitations, then of course the district court is due to be affirmed. Since the district court apparently credited Stallworth's testimony that she never received nor knew about that letter, the question before us is whether Stallworth satisfied the requirement imposed by the law of this circuit that she assume "some minimum responsibility" to ensure receipt of the letter. The district court found that she did not satisfy that obligation because she had temporarily moved from the family home, did not notify the EEOC of her temporary

---

**1.** Contrary to this unrebutted testimony, the district court found that Stallworth had checked for mail at the family home on only six occasions during the Spring and Summer months of 1989.

**2.** This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

address, and checked on the mail at the family home only six times during the approximately seven months that she did not reside there. However, the district court's finding that Stallworth checked for the mail at the family home on only six occasions over the seven-month period is clearly erroneous. Stallworth's unrebutted testimony is that she checked for the mail approximately six times during the crucial month of May 1989.

Stallworth argues that she fully satisfied her obligation to assume minimum responsibility to ensure her receipt of mail. She had notified the EEOC of her permanent family home as her mailing address. Though temporarily absent from the family home, she checked there for the mail six times during the crucial month of May. Most significantly, she requested the EEOC to mail a copy of the right-to-sue letter to her attorney at his address.

We agree with Stallworth that she has satisfied the minimum burden imposed upon her by the law of this circuit. It is reasonable to continue to receive mail at one's permanent home address during a temporary absence. Nor is it unreasonable to check for the mail there six times during the crucial month, when the family practice is to leave the mail in a designated place. We conclude that the primary fault for the failed delivery in this case rests upon the EEOC because of its failure to mail a copy of the right-to-sue letter to Stallworth's attorney. Not only was the EEOC expressly requested to mail a copy to the attorney, but also the EEOC Compliance Manual[3] provides that a copy of the right-to-sue letter should be sent to the claimant's attorney.[4]

Accordingly, we vacate the district court's dismissal of Stallworth's Title VII claim and remand for further proceedings consistent with this opinion.

### B. The § 1981 Claim

Stallworth argues that the issue of whether a claim of discriminatory termination of employment is cognizable under 42 U.S.C. § 1981, perhaps an open question after *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), should be resolved in her favor. However, this court's recent decision in *Weaver v. Casa Gallardo, Inc.,* 922 F.2d 1515, 1520 (11th Cir.1991), expressly held that a claim for discriminatory discharge or termination is not cognizable under § 1981. Therefore, we are bound to reject Stallworth's argument and affirm the district court's dismissal of her § 1981 claim.[5]

VACATED in part, AFFIRMED in part, and REMANDED.

---

**3.** The parties represent that § 6.4(b) of the EEOC Compliance Manual provides that a copy of the right-to-sue letter should be sent to the claimant's attorney.

**4.** We find nothing in the recent Supreme Court decision in *Irwin v. Veterans Admin.,* —— U.S. ——, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), that erodes *Franks* and its progeny. In *Irwin,* the Court held that receipt by the office of the claimant's "designated representative," *i.e.,* claimant's attorney, constituted receipt by the claimant for purposes of commencing the 30-day limitations period of 42 U.S.C. § 2000e–16(c), which is applicable to Title VII

suits against the federal government. In the instant case, Stallworth's nephew Palmore was not Stallworth's "designated representative;" quite the contrary, the EEOC failed to provide the notice to Stallworth's "designated representative," *i.e.,* her attorney.

**5.** We decline to address in the first instance Stallworth's arguments that Wells Fargo's allegedly discriminatory conduct during her employment constituted a new contract on different terms or that she was originally hired on non-neutral terms. The record on appeal does not indicate that these arguments were made in the district court.