Elizabeth UNDERWOOD, Plaintiff,

v.

CITY OF FORT MYERS, Defendant.

No. 93–168–CIV–FTM–17.

United States District Court,
M.D. Florida,
Fort Myers Division.

June 16, 1995.

Kenneth G. King, Craig, Ryan, Mast & King, Naples, FL, for plaintiff.

Peter L. Sampo, Hogg, Allen, Norton & Blue, Coral Gables, FL, for defendant.

## ORDER ON MOTIONS TO STRIKE AND FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the Defendant (City) motion for summary judgment, memorandum and exhibits in support thereof (Docket Nos. 36 to 40); response thereto (Docket No. 44); and the defendant's motion to strike (Docket No. 48).

The action arises from the termination of the plaintiff's employment as an "Office Support B" with the City, on or about October 11, 1991. The allegations presently before the Court are: Count I—violation of Civil Rights Act of 1871; Count II—violation of Civil Rights Act of 1964; Count III—retaliation claim; and Count IV—intentional interference and violation of contractual and civil rights as set forth in the first amended complaint (Docket No. 20).

Plaintiff, Elizabeth Underwood, a Hispanic–American of Puerto Rican descent, is a former employee of the Defendant, City of Fort Myers. Plaintiff began her employment with the Defendant on or about No-

vember 28, 1988, in the position of "Office Support B".

Plaintiff alleges that her employment was terminated on or about October 11, 1991. Beginning in July of 1991 and at the time of termination, the Plaintiff alleges she was performing the job duties of an "Administrative Aide A", a higher ranked position than Plaintiff's official job. Plaintiff alleges that she was not earning any additional compensation. Plaintiff contends that she requested "out of title pay" which was subsequently denied. Plaintiff further alleges that she received a notice of layoff upon the pretext that her position as "Office Support B" was being eliminated. Finally, Plaintiff declares that her involuntary termination by way of "lay off" was retaliatory, in that she was terminated, at least in part, because of complaints she voiced relating to the inequality of pay between herself and white employees performing like job duties.

## MOTION TO STRIKE

The defendant (Docket No. 48) moves this Court to strike, as immaterial, impertinent and scandalous, certain allegations from the plaintiff's response to their motion for summary judgment. Specifically, the defendant desires to have the Court strike any reference, from the plaintiff's Docket No. 44, that the defendant's motion for summary judgment was filed untimely under the scheduling order of October 19, 1994, and that the defendant was at fault for serving the plaintiff at an incorrect address.

██ Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered "time-wasters", which will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to a party. *Poston v. American President Lines, Ltd.,* 452 F.Supp. 568, 570 (S.D.Fla.1978), citing *Augustus v. Board of Public Instruction,* 306 F.2d 862 (5th Cir. 1962).

██ The Court finds that while the statements in the plaintiff's Docket No. 44, may be incorrect, or they may have a decided plaintiff slant, they do have a relation to the action and have not been established as capa-

ble of causing any real prejudice to the defendant. The Court realizes that the plaintiff's interpretation of the October 19, 1994, order is misguided but it certainly is not scandalous. To the Court the motion to strike appears to have been filed more for the purposes of responding to the plaintiff, when they were otherwise precluded from responding, than to get prejudicial information stricken. The Court will not strike the information; it is not necessary.

## STANDARD OF REVIEW

■ This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996-7 (5th Cir.1979), quoting *Gross v. Southern Railway Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at p. 324, 106 S.Ct. at p. 2553, 91 L.Ed.2d at p. 274. As the district court in *Coghlan v. H.J. Heinz Co.*, 851 F.Supp. 808 (N.D.Tex.1994), summarized:

Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion," ... the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment.... The existence of a mere scintilla of evidence will not suffice ... (cites omitted) at 810–811.

## DISCUSSION OF MOTION FOR SUMMARY JUDGMENT

### I. Jurisdiction

■ Initially, the Court must address whether or it has jurisdiction to hear the claim against the defendant. The defendant is asserting that the plaintiff filed her Title VII, 42 U.S.C. § 2000e, *et seq,* claim more than ninety (90) days from the issuance of the Equal Employment Opportunity Commission (EEOC)'s right-to-sue letter. Therefore, the defendant asserts the Title VII, and other related claims, are time barred and the Court is obliged to grant the motion for summary judgment.

The EEOC issued it's right-to-sue letter on December 27, 1992, giving the plaintiff ninety (90) days from the "EFFECTIVE DATE OF DISMISSAL" to pursue the matter by bringing suit in Federal District Court against the respondent. (Ex. 3 to Docket No. 37). The ninety (90) days, from the issuance of the letter, would have expired on or about March 28, 1993. The complaint in this cause was filed on June 22, 1993, almost three (3) months later.

In response, the plaintiff asserts that the right-to-sue letter was not received by her until March 26, 1993. Plaintiff's affidavit, attached to Docket No. 44), states in relevant part:

> Upon telephone consultation with EEOC office, I was told that its Determination and Right to Sue letter would or had issued during December, 1992. When within 90 days thereof I did not receive a copy

as requested my attorney called and then wrote to the EEOC office on March 22, 1993, requesting a copy (exhibit E, attached). A copy of the Determination and Right to Sue letter was not mailed to and received by me until March 26, 1993 (first notice, postal receipt, attached Exhibit F, see also Exhibit No. 4 to the First Amended Complaint). Upon receipt thereof, my initial complaint was timely filed within 90 days thereof on June 22, 1993.

Attached to the affidavit is a copy of a letter signed by Kenneth Gordon King, plaintiff's trial counsel. The letter, dated March 22, 1993, is addressed to a Frederico Costales at the EEOC in Miami, Florida. The letter states in part:

> That Determination, purportedly dated Dec. 12, 1992 and subsequently mailed on or about January 2, 1993, was never received by the claimant, Elizabeth Underwood. On her behalf this is to request a copy thereof be forwarded to her at her residence . . .

The plaintiff asserts that it is the date of her actual receipt of the right-to-sue letter, March 26, 1993, which triggered the ninety (90) days for filing suit and that by filing her complaint on June 22, 1993, she complied with the timeliness requirement.

Viewing the jurisdictional issue in the light most favorable to the Plaintiff, calculation from the date of receipt of the right-to-sue letter reveals that Plaintiff's complaint was filed within the ninety (90) day right-to-sue window.

First, Plaintiff relies upon *Stallworth v. Wells Fargo Armored Services Corp.*, 936 F.2d 522 (11th Cir.1991). That court determined that the ninety (90) day statute of limitations commenced upon receipt of the right-to-sue letter. However, a plaintiff is required to assume some minimal responsibility to ensure receipt. Second, Plaintiff relies upon *Johnson v. Duval County Teachers Credit Union*, 507 F.Supp. 307 (S.D.Fla. 1980), in which the Court states, "the usual necessary jurisdictional allegations are the receipt of the right-to-sue letter and the filing of the suit within ninety days of such receipt." Finally, Plaintiff relies upon *Crawford v. Western Electric Co., Inc.*, 614 F.2d 1300 (5th Cir.1980). That court states that the ninety (90) day period for filing suit begins at the point in time at which the Plaintiff receives the right-to-sue letter.

The Eleventh Circuit Court of Appeals, citing *Lewis v. Conners Steel Co.*, states:

> We need not embrace the doctrine of constructive receipt, nor close our eyes to the liberal construction the act is entitled to in order to fashion a fair and reasonable rule for the circumstances of this case. There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless. Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.

See *Bell v. Eagle Motor Lines*, 693 F.2d 1086, 1087 (citing *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir.1982)). The Fourth Circuit, adopting the flexible receipt rule of the Fifth and Eleventh Circuits, stated:

> The ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay . . . In a case such as the one at bar, district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period.

See *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652, 654 (4th Cir.1987).

This Court, having conducted a thorough examination of the facts applicable to the case at bar, finds that reasonable grounds exist for an equitable tolling of the ninety (90) day filing period. As such, the Plaintiff's Title VII claim, and related claims, are not time barred and the Court is not obliged to grant the motion for summary judgement on this issue.

## II. *42 U.S.C. § 1983*

Plaintiff asserts that the practices of the Defendant constitute deliberate violations of the Plaintiff's contractual, civil rights, and entitlement to equality of treatment and employment as afforded to white citizens, under

42 U.S.C. § 1983 as relevant to municipal employers. In response, the Defendant contends that § 1983 does not afford the Plaintiff with a cause of action for discriminatory termination of employment.

The relevant language of 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

In *Jett v. Dallas,* 491 U.S. 701 at 734, 109 S.Ct. 2702, 2722, 105 L.Ed.2d 598 (1989), the Court was asked to decide "whether a public employee who claims job discrimination on the basis of race must show that the discrimination resulted from official 'policy or custom' in order to recover under 42 U.S.C. Section 1983." That court held that the express "action at law provided by Section 1983 for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, provides the exclusive federal damages remedy for the violation of rights guaranteed by Section 1981 when the claim is pressed against a state actor." Thus, Plaintiff, Underwood, in order to prevail on a claim for damages against the Defendant, The City of Fort Myers, has to show that the violation of her "right to make contracts", as protected by Section 1981, was caused by a custom or policy within the meaning of *Monell v. Department of Social Services of the City of New York et al.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and subsequent cases.

In *Brown v. City of Fort Lauderdale,* 923 F.2d 1474 at 1477 (11th Cir.1991), the appellate court found that in order to prevail on a civil rights claim against a municipality, the plaintiff must allege a citywide policy or custom of discrimination. The plaintiff must show a purpose or intent to discriminate in proving an equal protection violation based on racial discrimination. *Brown* at 1478, fn. 7,; citing *Arnold v. Board of Education of Escambia County, Ala.,* 880 F.2d 305, 316 n. 16 (11th Cir.1989) (citing *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976) and *Personnel Adm'r of Mass. v. Feeney,* 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979)).

■ To prove Section 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice, that "although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Brown* at 1380, citing *City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). In other words, Plaintiff must establish the existence of a longstanding and widespread practice of discrimination. Plaintiff may do so by showing that policy making officials had knowledge of such practices and yet failed to curtail them. Thus, such practices would be deemed authorized by the policy making officials.

■ In the instant case, the Plaintiff, Underwood, has failed to allege, or otherwise establish, that Defendant, City of Fort Myers, or individual employees of the Defendant have engaged in conduct causing the deprivations of the rights at issue by policies which would affirmatively command that it occur, or by acquiescence in a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity as required by *Jett v. Dallas,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d at 604. Rather, Plaintiff merely alleges the occurrence of random remarks or isolated incidents, which are normally insufficient to show a pervasive practice or custom of discrimination. *Church v. City of Huntsville,* 30 F.3d 1332 (11th Cir.1994); *Depew v. City of St. Marys,* 787 F.2d 1496 (11th Cir. 1986) Finally, Plaintiff alleges that the violative discriminatory conduct occurred in relation to her and not as a custom or policy of the Defendant.

Plaintiff has failed to establish the existence of an essential element of this portion of her cause of action: a citywide policy or custom. Therefore, this Court finds it appropriate to grant the Defendant Summary Judgment on the Section 1983 claim (Count IV).

### III. *Title VII*

■ The standard for building a *prima facie* case of disparate treatment, pursuant to Title VII, 42 U.S.C. 2000e et seq., has been made clear by what is called the McDonnell Douglas/Burdine standard. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The Plaintiff must prove a *prima facie* case of discriminatory intent, by a preponderance of the evidence, in order to prevail. If plaintiff meets that burden, the employer may then articulate some legitimate, nondiscriminatory reason for its treatment of the employee. *McDonnell Douglas,* 411 U.S. at 801, 93 S.Ct. at 1824. Plaintiff then again has the burden to establish that the nondiscriminatory reasons expounded by the employer were not true reasons, but were mere pretext for discrimination. *Burdine,* 450 U.S. at 251–52, 101 S.Ct. at 1093; See also *Kirkpatrick v. Charter Hospital of Bradenton, Inc.,* 1991 WL 115771, 1991 U.S.Dist. Lexis 9009; 418 Emp.Prac.Dec. (CCH) p40, 719 (M.D.Fla.1991).

■ The plaintiff in a Title VII suit may establish a *prima facie* case by showing: (1) that she was a member of a protected class; (2) that she was qualified for the position from which she was discharged; (3) that she was discharged; and (4) that she was replaced by a member of a non-minority group. *Williams v. Harco Drugs, Inc.,* Lexis 1038 (1994) (citing *Marks v. Prattco Inc.,* 607 F.2d 1153, 1155 (5th Cir.1979) (adapting the test put forth in *McDonnell Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824.)

■ Plaintiff, Underwood, is a Hispanic–American who was hired and qualified to serve as "Office Support B". She was discharged on October 11, 1991. Plaintiff contends that the position of "Office Support B" was subsequently filled by an individual who was not a member of a protected class, on December 2, 1991. In response, Defendant, City of Fort Myers, alleges that the position of "Office Support B" was not filled, but rather Defendant puts forth it's legitimate, non-discriminatory purpose for Plaintiff's discharge; that is, the elimination of the position as a result of budget cuts within the Engineering Services Division.

The conflicting evidence presents sufficient disagreement as to require submission to a jury. Thus, summary judgement is inappropriate. A genuine issue of material fact exists as to whether the position of "Office Support B" was filled with a non-minority person subsequent to Plaintiff's discharge.

■ With respect to Plaintiff's second claim of rejection for a position, Underwood must show that: (1) she is a member of a protected class; (2) that she applied and was qualified for the position for which the employer was seeking applicants; (3) that despite her qualifications, she was rejected; and (4) that after her rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817.

■ Plaintiff contends that she was advised that she could not apply for the vacant "Administrative Aide A" position because of her lack of shorthand experience. (Plaintiff affidavit p. 7) Further, Plaintiff suggests that she was qualified for the position of "Administrative Aide A" as she had performed the responsibilities of that position from July of 1991 to the time of her discharge, despite her lack of shorthand experience. (Plaintiff Affidavit p. 5) In response, Defendant contends that Plaintiff, Underwood, never applied for the position of "Administrative Aide A", and, that there was no evidence of Plaintiff's qualifications for the position of "Administrative Aide A".

Taking the facts in the light most favorable to the Plaintiff, the Court concludes that a genuine issue of fact exists as to whether the plaintiff applied for the position of "Administrative Aide A" or whether she was denied

the opportunity to apply, and whether the Plaintiff was qualified to serve in such capacity. As such, summary judgment is inappropriate and is denied as to Counts I and II.

## IV. *Retaliation*

■ In order to make a *prima facie* case of retaliation, Plaintiff must establish: (1) a statutorily protected expression, (2) adverse employment action; and (3) a causal link between the protected expression and the adverse action. *Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir.1993).

■ The City of Fort Myers argues that the allegations of Plaintiff's complaint in regards to equal pay, her attendance during her husband's Title VII suit, and the adverse employment action taken against her are not causally linked. The Court of *Mills v. Amoco*, 872 F.Supp. 975 (S.D.Ga.1994) construed the "causal link element" to require that the plaintiff establish that the protected activity and the adverse action were not wholly unrelated. Under this standard, this Court finds that the Plaintiff, Underwood, has shown a *prima facie* case of retaliation. Plaintiff allegedly made a complaint to her supervisor, Robinson, in or about July, 1991 regarding equal pay and the Department's requirement that Plaintiff fulfill the duties of "Administrative Aide A" while refusing to compensate her for such. Plaintiff requested and was denied "out of title pay". Plaintiff was discharged on October 11, 1991. The close proximity between the Plaintiff's complaint in July of 1991 and the subsequent discharge in October of 1991 raise a triable issue of fact as to whether the disciplinary measures were wholly unrelated to the alleged complaint.

■ Further, the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) explicated above, also applies to retaliation cases. *Whatley v. Metropolitan Atlanta Rapid Transit Authority*, 632 F.2d 1325 (5th Cir.1980) Thus, the burden now shifts to the Defendant to articulate some legitimate, non-discriminatory purpose for the employee's rejection or retaliation.

■ Defendant, City of Fort Myers, articulates a specific, and allegedly nondiscrimi-

natory reason for Plaintiff's discharge. In short, Defendant maintains that a division budget cut required the elimination of "Office Support B" from the Engineering Services Division. This assertion is sufficient to meet the Defendant's burden under *McDonnell Douglas* and, therefore, the burden of proof devolves to the Plaintiff to show credible evidence of a genuine issue of material fact as to whether the City of Fort Myers proffered explanation is merely pretext for retaliation. *Mills v. Amoco* supra. (citing *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919 (11th Cir.1993)

Resolution of the issue of pretext in this case will turn, in part, on the credibility of testimony. "Credibility determinations, the weighing of evidence and the drawing of legitimate inferences from the facts are jury functions." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). With this consideration in mind, this Court finds Plaintiff's allegations of retaliation sufficient to survive the Defendants Motion for Summary Judgment. (Count III). Accordingly, it is

**ORDERED** that the motion to strike (Docket No. 48) be **denied;** the motion for summary judgment be **granted,** in part, and **denied** in part; and Count IV of the first amended complaint be **dismissed** from this cause of action.

**DONE and ORDERED.**