**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-2024**

_____

LINDA L. COLEMAN,

Plaintiff - Appellant,

versus

TALBOT COUNTY DETENTION CENTER; TALBOT COUNTY,
MARYLAND,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Benson Everett Legg, Chief District Judge.
(1:04-cv-02295-BEL)

_____

Argued:  May 24, 2007              Decided:  July 12, 2007

_____

Before MICHAEL, Circuit Judge, WILKINS, Senior Circuit Judge, and
David C. NORTON, United States District Judge for the District of
South Carolina, sitting by designation.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

Leizer Zalman Goldsmith, Washington, D.C., for Appellant.  John
Francis Breads, Jr., LOCAL GOVERNMENT INSURANCE TRUST, Columbia,
Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda L. Coleman appeals an order of the district court dismissing her complaint, which alleged discrimination in violation of Title VII of the Civil Rights Act of 1964, see 42 U.S.C.A. § 2000e-2(a)(1) (West 2003). Coleman concedes that her complaint was filed outside of the applicable limitations period. She maintains, however, that she is entitled to equitable tolling of the limitations period. We agree and accordingly reverse and remand for reinstatement of Coleman's complaint.

I.

A.

Before turning to the facts of this case, we will briefly review the relevant aspects of the statutory scheme. Prior to filing a civil action in federal district court, an individual must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). See 42 U.S.C.A. § 2000e-5(b), (e) (West 2003). In Maryland, such charges are referred to the Maryland Commission on Human Relations (MCHR), a designated fair employment practice agency. See 29 C.F.R. §§ 1601.70, .74(a) (2006). Pursuant to a work-sharing agreement between the MCHR and the EEOC, the MCHR investigates the charge and reports its findings to the EEOC. Upon receiving these findings, the EEOC may take action. If--as occurred here--the EEOC concludes that the discrimination charge is without merit, it will issue a "right-to-

2

sue" letter to the charging party, who then has 90 days to file a civil complaint.  See 42 U.S.C.A. § 2000e-5(f)(1) (West 2003).

B.

Coleman was employed as a corrections officer by the Talbot County Department of Corrections (the County) between 1999 and February 2001.  On February 14, 2000, Coleman filed a sex discrimination charge with the EEOC, which referred the matter to the MCHR.  This initial charge was pro se, but Coleman subsequently obtained counsel, who notified the EEOC and the MCHR that he represented Coleman.  Counsel explicitly requested that copies of all correspondence be forwarded to him.

In August 2001, while Coleman's complaint was still pending before the MCHR, Coleman moved to Delaware.  Although she had promised, when filing her complaint, to inform the EEOC of any address change, she failed to notify either the MCHR or the EEOC that she had moved.

In December 2003, the MCHR sent its findings--concluding that there was no probable cause to support Coleman's charge of discrimination--to the EEOC, with a copy to counsel.  Thereafter, on February 11, 2004, the EEOC issued a right-to-sue letter.  At this point, Coleman had 90 days--until May 11--to file her complaint.  The EEOC mailed the letter to Coleman at her previous address in Maryland.  No copy of the letter was sent to counsel, although the EEOC's internal operations manual directed that a copy

3

be sent to a party's attorney if an appropriate request had been made.

On March 29, 2004, counsel wrote to the EEOC requesting a right-to-sue letter. He received no response. On April 20, counsel telephoned the EEOC and was informed of the issuance of the right-to-sue letter. On counsel's request, the next day the EEOC purported to rescind the initial letter and replace it with a newly issued one.

Counsel filed Coleman's complaint in the federal district court on July 19, 2004, which was 90 days after the date of the reissued right-to-sue letter. The district court granted summary judgment to the County, first concluding that the EEOC had no authority to reissue the right-to-sue letter. The court further ruled that Coleman was not entitled to equitable tolling of the limitations period because the delay in notification was caused by her own failure to notify the EEOC of her change of address. Coleman now appeals, arguing that the district court erred in refusing to grant equitable tolling.

II.

The parties do not dispute that the EEOC had no legal authority to "reissue" the right-to-sue letter and that Coleman's complaint was therefore untimely. Accordingly, the only issue is whether Coleman was entitled to equitable tolling. See Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir.

4

1993) (noting that 90-day time limit in discrimination actions is subject to equitable tolling). A decision regarding equitable tolling is reviewed for abuse of discretion except when, as here, the facts are undisputed and the district court denies tolling as a matter of law. See Smith v. Pennington, 352 F.3d 884, 892 (4th Cir. 2003).

Equitable tolling is "reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted). "[E]quitable tolling must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Gayle v. UPS, 401 F.3d 222, 226 (4th Cir. 2005) (internal quotation marks omitted). In order to demonstrate entitlement to equitable tolling, Coleman must "present (1) extraordinary circumstances, (2) beyond [her] control or external to [her] own conduct, (3) that prevented [her] from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (internal quotation marks omitted).

In support of her claim to equitable tolling, Coleman relies on Stallworth v. Wells Fargo Armored Services Corp., 936 F.2d 522 (11th Cir. 1991). Stallworth filed a discrimination charge with the EEOC. See Stallworth, 936 F.2d at 523. While the

5

investigation was ongoing, she moved to a temporary residence without notifying the EEOC of her change of address. See id. However, during her absence she regularly checked for mail at her permanent residence. See id. at 523-24. Moreover, the family had an established practice of leaving all mail in a designated location. See id. The EEOC sent a right-to-sue letter by certified mail to the permanent address, and it was received by Stallworth's nephew. See id. at 523. Although Stallworth checked her mail six times during the month the letter arrived, she never actually received it. See id. at 524. The Eleventh Circuit ruled that Stallworth was entitled to equitable tolling, holding that she had been reasonably diligent in attempting to ensure receipt of the right-to-sue letter. See id. at 524-25. The court also noted that the error would have been avoided had the EEOC complied with counsel's request to provide copies of all correspondence to him: "We conclude that the primary fault for the failed delivery in this case rests upon the EEOC because of its failure to mail a copy of the right-to-sue letter to Stallworth's attorney." Id. at 525.

Coleman cannot claim the kind of diligence demonstrated by Stallworth--Coleman's address change was permanent, and she made no effort whatsoever to ensure receipt of the right-to-sue letter. Nevertheless, Stallworth supports Coleman's claim for equitable tolling. Although we do not excuse Coleman's failure to notify the EEOC of her change of address, it is not at all unreasonable for a

6

layperson who has retained counsel to assume that all further matters will be handled by her attorney. We therefore conclude that, as in Stallworth, the primary fault is that of the EEOC for not--as both counsel and Coleman reasonably expected--sending a copy of the right-to-sue letter to counsel. In this vein, we note with approval counsel's diligence in pursuing the matter, first with the MHRC and then with the EEOC.*

### III.

For the reasons set forth above, we reverse the denial of equitable tolling by the district court and remand for reinstatement of the complaint.

REVERSED AND REMANDED

---

*Alternatively, Coleman maintains that she and counsel were entitled to rely on the reissuance of the right-to-sue letter by the EEOC. She argues that the reissuance amounts to deliberate conduct by the EEOC that misled her into believing that she had 90 days from the date of the reissued letter to file her complaint. Cf. Schlueter v. Anheuser-Busch, Inc., 132 F.3d 455, 458-59 & n.3 (8th Cir. 1998) (granting equitable tolling when complaint was filed late due to incorrect advice by the EEOC; noting that counsel could not have anticipated the error made by the EEOC); Early v. Bankers Life & Cas. Co., 959 F.2d 75, 80-81 (7th Cir. 1992) (indicating that pro se complainant, who was incorrectly told by EEOC that intake questionnaire was sufficient to preserve rights, might be entitled to equitable tolling). In light of our decision to grant equitable tolling on the basis of Stallworth, we do not address this claim.