Opinion for the Court filed by Senior Circuit Judge RANDOLPH.
Dissenting opinion filed by Circuit Judge ROGERS.
RANDOLPH, Senior Circuit Judge:
The issue in this appeal is whether, as District Judge Lamberth ruled, 42 U.S.C. § 2000e-5(f)(1) barred Matthew Maggio’s civil action alleging discrimination because he brought it too late.
*59 The dates matter so we will give them. On May 11, 2012, Maggio completed a “Charge of Discrimination” and had it submitted to the Washington, D.C. office of the U.S. Equal Employment Opportunity Commission (“EEOC”). His charge, contained on the EEOC’s Form 5, alleged that in December 2011 Maggio’s employer fired him because he was male. On Form 5, Maggio swore that his statements were true and listed his address as “3032 Rod-man Street, NW, Apt. 35, Washington, DC 20008.” At the time he was not living at that address. A month earlier he had moved to South Carolina.
On November 26, 2012, the EEOC mailed a right-to-sue notice to Maggio at his Rodman Street address. Under 42 U.S.C. § 2000e — 5(f)(1), if a complainant decides to sue his employer, he must bring the action “within ninety days after the giving” of the notice. See also Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam). The EEOC’s notice so informed Maggio and stated that if he did not bring a civil action within ninety days his “right to sue based on this charge will be lost.” According to Maggio, he never received the notice, doubtless because he was then living in South Carolina. (No evidence indicates that Maggio left a forwarding address with the post office after he vacated his Rodman Street apartment in April 2012.)
Although by law Maggio could bring an action if the EEOC had not resolved his discrimination charge within 180 days of his May 2012 filing, see 42 U.S.C. § 2000e-5(f)(1), it was not until June 2013 that Maggio’s attorney bothered to call the EEOC to inquire about his client’s case. At the attorney’s request, the EEOC mailed him a copy of the November 2012 right-to-sue notice. On June 21, 2013, Maggio filed his complaint against his former employer in D.C. Superior Court. The defendant removed the case to federal district court.
Maggio’s lawsuit began far more than ninety days after the EEOC mailed the right-to-sue notice to his Rodman Street address.[1] Maggio never informed the agency that he was living in South Carolina. Thus, Maggio violated his duty to notify the EEOC “of any change in address and ... any prolonged absence from that current address so that he or she can be located when necessary during the Commission’s consideration of the charge.” 29 C.F.R. § 1601.7(b).[2] Maggio acknowledged this duty when signing Form 5, in which he declared that he “will *60 advise the agencies if [he] change[d] [his] address or phone number.”
Maggio thinks “equitable tolling” should relieve him of the consequence of his failure to comply with the ninety-day rule. Although he apparently does not realize it, his argument calls on the court to engage in statutory interpretation of 42 U.S.C. § 2000e-5(f)(l). “Equitable tolling” is not some free floating doctrine allowing the courts to override the will of Congress. What matters is congressional intent, as we explained in 3M Co. (Minnesota Mining and Manufacturing) v. Browner, 17 F.3d 1453, 1461 (D.C.Cir.1994). The critical question is whether Congress meant to allow courts to toll the statutory limitations period. The answer to that question depends on “whether a particular basis for suspending the running of the statute of limitations had received judicial recognition when the statute became law.” Nat’l Ass’n of Mfrs. v. NLRB, 717 F.3d 947, 961 (D.C.Cir.2013);[3] see Adam Bain & Ugo Colella, Interpreting Federal Statutes of Limitations, 37 CREIGHTON L. REV. 493, 502-03 (2004). If by then the judiciary had generally recognized it, a fair inference would be that Congress intended to permit the tolling of the statutory limitation in similar circumstances. If not, the courts cannot excuse a litigant’s filing after the statutory deadline.
Maggio’s position is that he is entitled to “equitable tolling” because he thought the EEOC would send its right-to-sue notice to his attorney, and the agency did not.[4] Was that a generally recognized basis for tolling a limitations period in 1964 when Congress enacted this statute? Neither party to this case has addressed the question. Although we very much doubt that any such “equitable tolling” was widely recognized in 1964, we will not undertake to research the issue on our own. We will not do so because we agree with the many decisions of other courts of appeals refusing to toll the running of the ninety days in circumstances like Maggio’s. These decisions hold that when a complainant fails to receive a right-to-sue notice because he gave the EEOC an incorrect address or because he neglected to inform the EEOC when he moved, the complainant is at fault and he is not entitled to equitable tolling. See, e.g., Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 120-21 (1st Cir.2009); Pearison v. Pinkerton’s Inc., 90 Fed.Appx. 811, 813 (6th Cir.2004) (per curiam) (unpublished); Day, 1 Fed.Appx. at 523; Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, *61 385 (9th Cir.1997); Hill v. John Chezik Imps., 869 F.2d 1122, 1124 (8th Cir.1989); Hunter, 790 F.2d at 475; St. Louis v. Alverno Coll., 744 F.2d at 1316-17; see also Dyson v. District of Columbia, 710 F.3d 415, 422 (D.C.Cir.2013); Tolling of the Time Period for Bringing Title VII Action, 13 A.L.R. Fed.2d 633 (2006), § 23 (collecting cases).[5]
In the words of a maxim of equity, Mag-gio came into court without “clean hands.”[6]

Affirmed.

. When the EEOC mails a right-to-sue notice, the presumptive day of receipt is three-to-five days after issuance and mailing. Baldwin, 466 U.S. at 148 n. 1, 104 S.Ct. 1723; Cook v. Providence Hosp., 820 F.2d 176, 179 n. 3 (6th Cir.1987). Maggio never argues that the ninety-day limitations period did not begin until after he received actual notice. Other circuits have rejected such an argument, noting that "when plaintiffs fail to receive notice through their own fault, the 'actual-notice' rule does not apply." Day v. Lincoln Ins. Agency, Inc., 1 Fed.Appx. 521, 523 (7th Cir.2001) (per curiam) (unpublished); see also St. Louis v. Alverno Coll., 744 F.2d 1314, 1317 (7th Cir.1984); Hunter v. Stephenson Roofing Inc., 790 F.2d 472, 474-75 (6th Cir.1986).

. In order to avoid the conclusion that he supplied' — under oath — a false address on EEOC Form 5, Maggio’s brief states that when he moved out of D.C. in April 2012 he had not yet decided to reside permanently in South Carolina. But the form does not ask for a permanent address; it asks for a “Street Address” and the "City, Stale and ZIP Code," and advises the complainant of his duty to inform the EEOC if he changes his address. In any event, Maggio’s amended complaint states that he was "residing” in South Carolina "from April 2, 2012 ... to the present.”

. American Meat Institute v. U.S. Department of Agriculture, 760 F.3d 18, 22-23 (D.C.Cir.2014) (en banc), overruled only the statement in footnote 18 oí National Association of Manufacturers describing the holding in Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio, 471 U.S. 626, 651, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985). Zauderer has nothing to do with this case.

. Maggio’s EEOC Form 5 listed, beneath his own name, "c/o A.J. Dhali, Esq” along with Mr. Dhali’s address.
On May 11, 2012, Maggio also filed a claim of discrimination with the District of Columbia Office of Human Rights. On the D.C. agency’s form he again listed his address as Rodman Street in Washington, although he was then living in South Carolina. Maggio withdrew his D.C. claim in short order.
Maggio’s brief and his reply brief assert that he. orally requested an individual in the D.C. Office to communicate only with his attorney. Why this amounts to informing the EEOC of his request is a red herring we need not pursue. Maggio never asserted this as fact in the district court or supplied evidentia-ry support for it. Judge Lamberth’s opinion thus stated correctly: ”[A]t no time did Mag-gio direct these agencies [the D.C. Office or the EEOC] to solely communicate — or even dually communicate — with his counsel.” Maggio v. Wis. Ave. Psychiatric Ctr., Inc., 987 F.Supp.2d 38, 42 (D.D.C.2013).

. Neither Maggio nor his attorney asked the EEOC to send the notice to the attorney. Maggio cites no case law in support of his argument that agencies are required' to communicate with counsel absent an express request that they do so. Other courts have "explicitly rejected the argument that the EEOC must send a copy of the right to sue notice to a plaintiffs attorney upon request,” and Maggio does not press this argument before us. Hopkins v. United Parcel Serv., 221 F.3d 1334, at *5 (6th Cir.2000) (unpublished); see also Threadgill v. Moore U.S.A., Inc., 269 F.3d 848, 850-51 (7th Cir.2001); Ball v. Abbott Adver., Inc., 864 F.2d 419, 421 (6th Cir.1988).
The cases Maggio and our dissenting colleague mainly rely on — Coleman v. Talbot County Detention Center, 242 Fed.Appx. 72 (4th Cir.2007) (per curiam) (unpublished) and Ryczek v. Guest Services, Inc., 877 F.Supp. 754 (D.D.C.1995) — are not to the contrary. In Coleman, plaintiff's counsel “explicitly requested that copies of all correspondence be forwarded to [counsel,]” and counsel both wrote and telephoned the EEOC seeking the right to sue letter. Coleman, 242 Fed.Appx. at 73. In Ryczek, the plaintiff provided a declaration from an EEOC employee admitting that the right to sue letter was mistakenly sent to a temporary address of the plaintiff and not to the permanent one on file with the EEOC. Ryczek, 877 F.Supp. at 757-58. In contrast, neither Maggio nor his counsel ever informed the EEOC that it should communicate with counsel directly.

. We have considered and rejected Maggio's other arguments.