NEW et al., Appellees,

v.

ALL TRANSPORTATION SOLUTION, INC. et al., Appellants.

[Cite as *New v. All Transp. Solution, Inc.,* 177 Ohio App.3d 620, 2008-Ohio-3949.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–213.

Decided Aug. 5, 2008.

Malek & Malek and Emmanuel Olawale, for appellees.

Stanlee E. Culbreath, for appellants.

---

TYACK, Judge.

{¶ 1} The issue in this case is whether service of process is proper on an individual, and on a corporation, when proof of service shows that the defendant's wife was served at the defendant's home, which was also listed as the address of the defendant-corporation's statutory agent. The Ohio Rules of Civil Procedure do not require that the addressee personally acknowledge receipt of certified mail in order for service of process to be effective. Because the record clearly shows that the defendant(s) were served at their legal address, we hold that service was proper, and we affirm the judgment of the trial court.

{¶ 2} Gebeyehu G. Mamay owns and operates a taxicab service, All Transportation Solution, Inc., which is incorporated in the state of Ohio, having its registered statutory agent located at 544 Cumberland Drive, Whitehall, Ohio 43213. This is also Mamay's home address.

{¶ 3} On April 13, 2005, Larry D. New and Debra Booth were injured in an automobile collision involving one of Mamay's taxis. They filed a complaint against Mamay, his company, and the individual taxi driver on April 13, 2007. The plaintiffs served all three parties with the complaint via certified mail on May 7, 2007. The original certified mail returned receipts are part of the trial court record. The items delivered to Mamay and his company were properly addressed and were signed for by an individual later identified as Mamay's wife. Mamay did not respond to either summons.

{¶ 4} Nearly six months later, plaintiffs moved the trial court for entry of default judgment. Plaintiffs served copies of this motion on Mamay and his company at their addresses of record. Again, they did not respond. The court granted the motion for default on November 1, 2007, and set a hearing to determine damages. The court sent a copy of this entry to Mamay, which he apparently received on November 5, 2007, because Mamay's attorney contacted plaintiffs' counsel asking for relief from the default judgment. Despite this phone call, defense counsel did not contact the trial court, or make an official appearance.

{¶ 5} On December 21, 2007, a trial court magistrate presided over the scheduled damages hearing. Despite having notice of this hearing, neither Mamay nor his attorney appeared in court. Following the hearing, the magistrate recommended judgment for the plaintiffs.

{¶ 6} A week after the magistrate filed the decision, Mamay filed what is titled as a motion for relief from judgment, under Civ.R. 60(B). This motion was essentially a nullity, however, because the trial court had not yet entered judgment. Nonetheless, the plaintiffs filed a timely memorandum contra Mamay's motion for relief from judgment. For all intents and purposes, Mamay's quasi-Civ.R. 60(B) motion was more akin to an objection to the magistrate's report, which the trial court impliedly overruled by entering final judgment on January 24, 2008.

{¶ 7} All Transportation Solution filed a notice of appeal on March 14, 2008, which was deemed timely because of a clerk of courts error and delay in mailing copies of the final judgment. Appellant assigns two errors for our review:

[I.] The trial court erred by failing to grant defendant-appellant's motion to deny plaintiff-appellee's motion for default judgment filed on January 15, 2008.

[II.] The trial court abused its discretion by granting the plaintiff-appellee's motion for default judgment when such judgment was against the manifest weight of the evidence.

{¶ 8} All Transportation Solution does not suggest a particular standard of review. Nonetheless, we note that the proper standard of review of decisions

denying relief from default judgment is abuse of discretion. *Progressive Cas. Ins. Co. v. Gibson* (Dec. 16, 1993), Franklin App. No. 93AP–1088, 1993 WL 524932.

{¶ 9} Because any judgment lacking lawful service is null and void, see, e.g., *Harris v. Pitts* (May 19, 1998), Franklin App. No. 97APF10–1293, 1998 WL 255552 (citing *O.B. Corp. v. Cordell* [1988], 47 Ohio App.3d 170, 171, 547 N.E.2d 1201); see also *Kurtz v. Kurtz* (1991), 71 Ohio App.3d 176, 182, 593 N.E.2d 322; *Samson Sales, Inc. v. Honeywell, Inc.* (1981), 66 Ohio St.2d 290, 293, 20 O.O.3d 277, 421 N.E.2d 522, we must first address service of process.

{¶ 10} Service of process is governed by Rule 4 of the Ohio Rules of Civil Procedure. The preferred method for serving process in the state of Ohio is certified mail, which is evidenced by a signed return receipt. See Civ.R. 4.1(A); see also *Mitchell v. Mitchell* (1980), 64 Ohio St.2d 49, 50–51, 18 O.O.3d 254, 413 N.E.2d 1182. Individuals must be served at their "usual place of residence," and any person residing at that address who is of "suitable age and discretion" may receive that service. See id.; see also Civ.R. 4.1(C). Prior to its amendment in 1980, there was some confusion as to whether Civ.R. 4.3(B)(1) required that the addressee personally sign for the certified mail for service to be perfected. However, in *Mitchell,* the Supreme Court of Ohio confirmed that the addressee is not required to sign the return receipt, and the court further declared that the rules do not require that process be delivered to a person expressly authorized by the defendant to receive service of process.

{¶ 11} Corporations are served in the same manner as individuals. However, service may be addressed to the corporation's statutory agent "at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation." Civ.R. 4.2(F). We have never held—and we are not aware of any controlling authority that has held—that certified mail must be delivered to and signed for by the person to whom it is addressed, whether the defendant is an individual, a corporation, or other legal entity.

{¶ 12} After a party is served with a summons, the party served must respond to the summons within the time period described in the civil rules. Typically, a defendant will respond by filing an answer to the complaint, or some other pre-answer motion (e.g., motion to dismiss, more definite statement, etc.). Failure to respond to the summons will usually result in the court issuing a default judgment against the defendant. Thus, "default judgment" is judgment entered against a defendant who has failed to respond to an affirmative pleading. *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 121, 28 OBR 216, 502 N.E.2d 599.

{¶ 13} Default judgments are governed by Civ.R. 55, which provides that when a defendant "has failed to plead or otherwise defend," the plaintiff may move the court for judgment by default. *Progressive Cas.,* Franklin App. No. 93AP–1088, 1993 WL 524932, quoting Civ.R. 55(A). If the court must examine evidence, establish any additional elements of a claim, or determine what damages are appropriate, the court may proceed ex parte (i.e., without the defendant) and enter judgment accordingly. Id. The court may later set aside a default judgment in accordance with Civ.R. 60(B). Id., citing Civ.R. 55(B).

■ {¶ 14} Because a default judgment is not an adjudication on the merits, it is not a favored resolution. See, e.g., *Progressive Cas.,* citing *GMAC v. Deskins* (1984), 16 Ohio App.3d 132, 134, 16 OBR 140, 474 N.E.2d 1207. ("Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.") Default judgments are a necessary tool, however, because sometimes defendants simply will not address the merits of the lawsuit when they are sued. Just as due process requires that defendants have notice and an opportunity to defend the claims against them, those who choose to ignore such claims are not able to prevent the individuals whom they have harmed from having their own day in court.

{¶ 15} It is clear from the record that Mamay has not diligently contested this case. The case illustrates a paradigmatic example of why default judgments are sometimes necessary.

{¶ 16} The record here contains signed, certified mail return receipts addressed to Mamay's usual place of residence, 544 Cumberland Drive, Whitehall, Ohio, which was also the address listed for All Transportation Solution's statutory agent. Mamay does not argue that the certified mail was not delivered, or was improperly addressed, only that he did not authorize his wife to accept service of process on his behalf or for his company. This is not a cognizable defense. The Supreme Court of Ohio was clear in the *Mitchell* case, 64 Ohio St.2d 49, 18 O.O.3d 254, 413 N.E.2d 1182, when the Supreme Court held that any individual can receive certified mail on behalf of the named defendant. Thus, service on Mamay and All Transportation Solution was proper.

■ {¶ 17} In addition to the fact that Mamay ignored the summonses from the trial court, the record also shows that Mamay and his attorney failed to appear for depositions and the damages hearing, about which they do not deny having notice. We cannot say that the trial court abused its discretion in granting judgment for the plaintiffs.

{¶ 18} We, therefore, overrule both assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

PETREE and FRENCH, JJ., concur.