[Cite as *Shrock Premier Custom Constr., L.L.C. v. Donchatz*, 2015-Ohio-5080.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Shrock Premier Custom        :
Construction, LLC,
       :

              Plaintiff-Appellee,        :

       :           No. 14AP-1004
v.                               (C.P.C. No. 11CV-14921)

Kenneth R. Donchatz et al.,        :        (ACCELERATED CALENDAR)

              Defendants-Appellees,        :

(HSBC Mortgage Services, Inc.,        :

              Defendant-Appellant).        :

       :

D E C I S I O N

Rendered on December 8, 2015

*Critchfield, Critchfield & Johnston, LTD, Steven J. Shrock,* and *Duriya Dhinojwala,* for Shrock Premier Custom Construction, LLC.

*Reminger Co., LPA,* and *Matthew Schrader; Kenneth R. Donchatz,* for Kenneth R. Donchatz.

*Ulmer & Berne LLP, Melissa L. Zujkowski,* and *Warren T. McClurg II,* for HSBC Mortgage Services, Inc.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, HSBC Mortgage Services, Inc. ("HSBC"), appeals from the judgment of the Franklin County Court of Common Pleas adopting and then affirming the magistrate's decision to deny HSBC's motion for leave to file an answer and cross-claim instanter, and granting plaintiff-appellee's, Shrock Premier Custom Construction, LLC ("Shrock"), motion for default judgment. For the reasons that follow, we affirm the decision of the Franklin County Court of Common Pleas.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}   On December 2, 2011, Shrock commenced litigation with the Franklin County Court of Common Pleas.   Shrock's complaint alleged that defendant Kenneth Donchatz ("Donchatz") had defaulted on a mortgage executed by Shrock, and that Shrock was now entitled to foreclose on the mortgage.   (Shrock Complaint, 4.)   Shrock also named as co-defendants those entities who it believed had an interest in the Donchatz property.  One of the co-defendants named was HSBC.

{¶ 3}   In its complaint, Shrock recognized the existence of other liens on the property, including a senior lien held by HSBC.   (Shrock Complaint, 4.)   Shrock had executed a mortgage with Donchatz on December 1, 2008, while HSBC executed a mortgage with Donchatz on August 24, 2006.   Shrock informed all other potentially interested parties to come forward claiming an interest in the property, "or forever thereafter be barred from asserting an interest."  (Shrock Complaint, 7.)   Shrock served HSBC through its statutory agent, CT Corporation System, who received the summons and complaint on December 9, 2011.  (Magistrate's Decision, 2.)

{¶ 4}   By March 6, 2012, all co-defendants except for HSBC had responded to Shrock's complaint.  (Magistrate's Decision, 2.)  All other co-defendants also served a copy of their answer on HSBC's statutory agent.  HSBC failed to take any action.  The issue was assigned to a magistrate who ordered a mandatory mediation conference.  The mediation conference was held on April 17, 2012.  Shrock and Donchatz were the only parties to attend the mediation conference, and entered into a settlement agreement.   The magistrate set a status conference with regard to the settlement agreement for February 26, 2013.  All parties were sent a copy of the magistrate's order, including HSBC. Again, HSBC failed to take any action.

{¶ 5}   On February 7, 2013, the magistrate issued a continuance of the status conference, at the parties' request, to allow Shrock and Donchatz to complete the terms of the settlement agreement.   Finally, on February 15, 2013, more than 14 months after being served, HSBC filed a motion for leave to file an answer and cross-claim instanter. In its brief in support of the motion for leave, HSBC claimed that "it was previously unable to retrieve and evaluate the loan account history to file an answer and cross-claim."  (R. 93, HSBC Brief in Support of Motion, 2.)  HSBC alleged that it possessed a

senior lien to that of Shrock and as such was entitled to damages before Shrock. (R. 93, HSBC Cross-claim, ¶ 1-4.)

{¶ 6} Upon learning of HSBC's motion for leave, Shrock and Donchatz both filed motions for default judgment against HSBC. The magistrate scheduled a hearing for the two issues on June 13, 2013. In the interim, Shrock and Donchatz entered into a consent judgment declaring that Shrock was entitled to damages from Donchatz, pursuant to the settlement agreement between the two parties.

{¶ 7} At the June 13, 2013 hearing, HSBC was afforded the opportunity to present evidence in support of its motion for leave. HSBC declined and instead stood on its brief as well as an affidavit from Vice-President and Assistant Secretary of Administrative Services, Dana St. Clair-Hougham ("St. Clair-Hougham"). In the November 13, 2013 decision, the magistrate denied HSBC's motion for leave. (Magistrate's Decision, 1.) Little weight was given to St. Clair-Hougham's affidavit particularly because "HSBC's counsel had the opportunity to have her testify at the hearing and chose not to do so." (Magistrate's Decision, 2.) The magistrate then granted default judgment in favor of Shrock and Donchatz.

{¶ 8} HSBC filed its objections to the magistrate's decision with the trial court. On March 20, 2014, the trial court adopted the magistrate's decision in part and denying in part, only overruling the magistrate's decision granting default judgment in favor of Donchatz. The trial court concluded that Donchatz had no claim against HSBC and therefore default judgment was inappropriate. The trial court did adopt the magistrate's decision with regard to the denial of HSBC's motion for leave to file an answer and a cross-claim instanter and the affirmance of Shrock's motion for default judgment. Both HSBC and Donchatz filed appeals, which this court denied for lack of a final, appealable order. (R. 215.)

{¶ 9} In August 2014, Shrock filed a motion for summary judgment against Donchatz, seeking enforcement of the consent judgment through foreclosure of the Donchatz property. Donchatz did not oppose Shrock's motion, however HSBC did file a memorandum contra, arguing an issue of material fact existed as to the validity of HSBC's senior lien. The trial court acknowledged HSBC's memorandum but affirmed its decision to adopt the magistrate's decision. (R. 253.) HSBC's motion was given no consideration and summary judgment was awarded in favor of Shrock.

{¶ 10} HSBC now appeals from the trial court's decision to grant summary judgment in favor of Shrock. In granting summary judgment, the trial court affirmed its earlier decision to adopt the magistrate's decision denying HSBC's motion for leave and granting Shrock's motion for default judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 11} HSBC appeals assigning the following errors for our consideration:

> I. THE TRIAL COURT ERRED IN DENYING HSBC MORTGAGE SERVICES, INC.'S MOTION FOR LEAVE TO FILE ANSWER AND CROSS-CLAIM INSTANTER, AND FURTHER GRANTING SHROCK PREMIER CUSTOM CONSTRUCTION, LLC'S MOTION FOR DEFAULT JUDGMENT.
>
> II. THE TRIAL COURT ERRED IN DENYING HSBC MORTGAGE SERVICES, INC.'S MOTION FOR LEAVE BECAUSE HSBC'S FAILURE TO FILE A TIMELY ANSWER WAS THE RESULT OF EXCUSABLE NEGLECT.

## III. STANDARD OF REVIEW

{¶ 12} We review the trial court's decision denying a motion for leave to file a reply instanter with an abuse of discretion standard. *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271 (1988); *State ex rel. Lindenschmidt v. Bd. of Commrs.*, 72 Ohio St.3d 464, 466 (1995) (A trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion). This court also reviews an appeal from an entry of default judgment under an abuse of discretion standard. *New v. All Transp. Solution, Inc.*, 177 Ohio App.3d 620, 2008-Ohio-3949, ¶ 8; *Marion Prod. Credit Assn.* at 271. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). This court should not supplement its own reasoning for the sound judicial discretion of the trial court. *Id.*

## IV. NO ABUSE OF DISCRETION

{¶ 13} HSBC's assignments of error are related and will be discussed together. HSBC's two main arguments are that the trial court erred when it adopted the magistrate's decision to first deny HSBC's motion for leave, and second to grant Shrock's motion for default judgment.

{¶ 14} HSBC argues that its failure to file a response in a timely fashion was due to excusable neglect, and under Civ.R. 6, the court may grant leave to file when the failure to file in time was due to excusable neglect. Civ.R. 6(B)(2). It is the burden of the moving party to show, with sufficient evidence, that their failure to file was the result of excusable neglect. *Hillman v. Edwards*, 10th Dist. No. 08AP-1063, 2009-Ohio-5087, ¶ 14. Neglect is defined as excusable so long as it does not fall "substantially below that which is reasonable under the circumstances." *Hillman* at ¶ 13.

{¶ 15} Corporations such as HSBC can show excusable neglect by showing "(1) that there is a set procedure to be followed in the corporate hierarchy for dealing with legal process, and (2) that such procedure was, inadvertently, not followed" *Perry v. Gen. Motors Corp.*, 113 Ohio App.3d 318, 324 (10th Dist.1996), quoting *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578, 583 (4th Dist.1992). Courts should be cautious of deciding cases on procedural issues alone. "In determining whether neglect is excusable or inexcusable, a trial court must consider all the surrounding facts and circumstances, but also must be mindful of the admonition that cases should be decided on their merits, where possible, rather than on procedural grounds." *Hillman* at ¶ 13.

{¶ 16} HSBC presented almost no evidence detailing the corporate hierarchy in place to deal with the legal process. HSBC did provide an affidavit from St. Clair-Hougham outlining that normally summons and complaints are scanned into a database and delivered to the appropriate department. (St. Clair-Hougham Affidavit, ¶ 6.) The affidavit then said that "per HSBC's established procedures" this specific complaint and summons should have been directed to Default Servicing. (St. Clair-Hougham Affidavit, ¶ 6.) However, the affidavit does nothing further to establish what HSBC's established procedure is, and does not address any of the other court documents that were served on HSBC.

{¶ 17} Furthermore, HSBC failed to bring St. Clair-Hougham to the June 6, 2013 hearing. The magistrate was unable to obtain any further information about HSBC's procedures, other than the scintilla of information provided in St. Clair-Hougham's affidavit. In making a decision, the magistrate found that there was insufficient evidence that HSBC met its burden of proving excusable neglect. Because of this failure, the magistrate denied HSBC's motion for leave, holding that HSBC failed to show that its conduct did not fall "substantially below that which is reasonable under the

circumstances." (Magistrate's Decision, 5.) Accordingly, the trial court adopted the magistrate's decision with regard to this issue.

{¶ 18} We cannot find an abuse of discretion in the trial court's decision to adopt the magistrate's decision regarding HSBC's motion for leave, or in its affirmance of the decision to grant Shrock's motion for summary judgment. The magistrate made a determination supported by law and it was within the sound judicial discretion of the trial court to adopt the magistrate's decision.

{¶ 19} HSBC also contends that the trial court was improper in granting default judgment in favor of Shrock, because it effectively extinguished HSBC's senior lien. We disagree.

{¶ 20} A default judgment is entered against a party who has failed to timely plead in response to an affirmative pleading. Civ.R. 55. "A default judgment is proper when a defendant has not contested a plaintiff's allegations by pleading in a timely manner or 'otherwise defending' such that no issues are present in the case." *Nationwide Mut. Ins. Co. v. Aaserud*, 10th Dist. No. 13AP-359, 2014-Ohio-517, ¶ 13, citing *Reese v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist.1981). HSBC contends that it has appeared in the case and therefore default judgment is inappropriate. However, under Civ.R. 55(A), default judgment may still be entered against a party that has appeared.

{¶ 21} This court has recognized three requirements before a trial court may properly rule on a motion for default judgment. *Breeding v. Herberger*, 81 Ohio App.3d 419 (10th Dist.1992). In *Breeding*, we held that the trial court erred in granting default judgment without "(1) giving the requisite notice as required by both Civ.R. 55(A) * * * (2) affording the requisite opportunity to defendants to be heard upon the question of the granting of the motion, and (3) hearing and ruling upon the defendant's motion for leave to file their answer instanter, supported by affidavit under Civ.R. 6(B)." *Breeding* at 423.

{¶ 22} Under Civ.R. 55(A), a party must be notified at least seven days in advance of any hearing to be held. Here, the magistrate notified the parties on April 30, 2013, that there was a scheduled hearing for the motions set for June 13, 2013. This is proper notification as required by Civ.R. 55(A), satisfying the first prong of *Breeding*. Under the second prong, the court must have afforded HSBC the opportunity to be heard in opposition to the motion for default judgment. The transcript of the proceedings before the magistrate clearly shows that HSBC was provided with the opportunity to argue

against default judgment. (June 13, 2013 Hearing Tr.) HSBC presented its argument for why default judgment was inappropriate. The second prong of *Breeding* has been satisfied. Finally, under *Breeding*, HSBC's motion for leave to file instanter must have been heard and ruled upon prior to any ruling made on Shrock's motion for default judgment. Again, the transcript from the hearing is quite clear that HSBC had ample opportunity to make its case in support of its motion for leave. Furthermore, the magistrate did make a ruling on HSBC's motion for leave prior to making any determination about Shrock's motion for default judgment. The third prong of *Breeding* is satisfied.

{¶ 23} In finding that all three prongs of *Breeding* have been met, we cannot find any error on the part of the magistrate or the trial court's decision to adopt the magistrate's ruling. HSBC was given notice of the hearing scheduled in light of each party's motion, HSBC argued against Shrock's motion for default judgment, and the magistrate made a ruling on HSBC's motion for leave before making a ruling on Shrock's motion for default judgment.

{¶ 24} Accordingly, we find no error in the lower court's decision to deny HSBC's motion for leave or to grant Shrock's motion for default judgment. HSBC's assignments of error are overruled in their entirety.

## V. DISPOSITION

{¶ 25} HSBC's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, P.J. and KLATT, J., concur.

_____