[Cite as *Link v. Wayne Ins. Group*, 2018-Ohio-3529.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

MARK LINK, ET AL.,

    PLAINTIFFS-APPELLANTS,          CASE NO. 1-18-13

    v.

WAYNE INSURANCE GROUP, ET AL.,

                              **O P I N I O N**

    DEFENDANT-APPELLEE.

Appeal from Allen County Common Pleas Court
Trial Court No. CV 2017 0440

**Judgment Affirmed**

**Date of Decision:   September 4, 2018**

APPEARANCES:

    *Matthew C. Huffman and Jason N. Flower* for Appellants

    *J. Alan Smith* for Appellee

Case No. 1-18-13

**ZIMMERMAN, J.**

{¶1} Plaintiff-Appellants, Mark A. Link and Susan Link (collectively referred to as "the Links") appeal the Allen County Common Pleas Court's ruling granting summary judgment in favor of Defendant-Appellee, Wayne Insurance Group ("Wayne Insurance"). On appeal, the Links argue that the trial court: 1) abused its discretion when it denied Appellants' motion to reconsider; and 2) erred by granting summary judgment in favor of Wayne Insurance. For the reasons that follow, we affirm the rulings of the Allen County Common Pleas Court.

*Factual Background*

{¶2} On June 4, 2015, Patience Jackson ("Patience") filled out an application for homeowner's insurance with Wayne Insurance. (Doc. No. 3). Thereafter, a policy of insurance was issued to Patience on June 8, 2015. (*Id.*). The policy contained a clause that stated, in part, "I, or we, also understand that any misrepresentation or concealment of information in the application voids the insurance coverage under the policy for which it was submitted as if it were never bound or issued." (*Id.,* Ex. B, p. 4). On the application, Patience listed that she did not have any dogs on the premises. (*Id.,* p. 3).

{¶3} On October 19, 2015, Appellant Mark Link was attacked by two dogs that resided with Patience and Douglas Jackson (collectively referred to as "the Jacksons.") (Doc. No. 1). Upon learning of the dog attacks, Wayne Insurance sent

-2-

Patience a "Cancellation Notice" on November 18, 2015, on the basis that Patience made a material misrepresentation on her insurance application, thereby voiding the policy issued June 8, 2015. (Doc. No. 3, Ex. D).

{¶4} The Links, on July 7, 2016, in Allen County Common Pleas Court Case CV-2016-0386, filed suit against the Jacksons to recover medical expenses related to the injuries Mark Link sustained from the dog attack. (*Id.,* Ex. C; Doc. No. 1). While not on appeal, it appears from the limited record before us that the Links and the Jacksons entered into a consent judgment, which was filed in the trial court on August 8, 2017. In that agreement, the Jacksons agreed that the Links should be awarded damages arising from the dog bite incident in the amount of $100,000. (Doc. No. 21, Ex. A). The Jacksons further agreed that the Links be granted the Jacksons' "chose in action" to pursue any and all claims between the Jacksons and the Wayne Insurance Group on the Jacksons' behalf. (*Id.*).

### *Procedural History*

{¶5} On August 1, 2017, Appellants filed suit in the Allen County Common Pleas Court against Appellee. (Doc. No. 1). Appellants, acting "as Patience and Douglas Jackson", sought to recover damages against Appellee on breach of contract, refusal to defend, and bad faith claims. (*Id.*).

{¶6} Wayne Insurance filed its answer on August 25, 2017, with a counterclaim and third party complaint naming the Jacksons as third-party

defendants. (Doc. No. 3). The third party complaint (for a declaratory judgment against the Jacksons) asserted that Wayne Insurance had no duty to defend or indemnify the Jacksons or the Links because Patience made a material misrepresentation on her application for insurance[1], which thereby voided her policy. (*Id.*). Wayne Insurance attached Patience Jackson's insurance application and policy to its answer and counterclaim. (*Id.*, Ex. A, B).

{¶7} The Links filed their answer to Wayne Insurance's counterclaim and third-party complaint on September 20, 2017. (Doc. No. 10). However, the Jacksons failed to plead or defend the action after being duly served. (Doc. No. 16).

{¶8} As a result of the Jackson's failure to plead or defend the action, Wayne Insurance filed a motion for default judgment on November 28, 2017, which was granted by the trial court on November 30, 2017. (*Id.*; Doc. No. 17). The trial court found that Wayne Insurance owed no duty to defend or indemnify the Jacksons in the instant matter, or in Allen County Common Pleas Case No. CV-2016-0386. (Doc. No. 17). The trial court further ordered that the Jacksons were not entitled to coverage under the terms of the insurance policy issued by Wayne Insurance. (*Id.*).

{¶9} After the trial court issued its order, the Links moved the trial court to reconsider or in the alternative, vacate the order for default judgment against the Jacksons. (Doc. No. 18). Specifically, the Links asserted that the trial court erred

---

[1] Specifically, Patience Jackson indicated that she did not have any dogs on the premises on her application for insurance. (*See,* Doc. No. 3, Ex. B, p. 3).

by granting default judgment before they had an opportunity to respond to Wayne Insurance's motion. (*Id.*). Wayne Insurance filed a memorandum contra to the Link's motion on December 18, 2017. (Doc. No. 19). On December 27, 2017, the trial court denied the Link's motion for relief. (Doc. No. 20).

{¶10} Thereafter, Wayne Insurance filed a motion for summary judgment in the trial court. (Doc. No. 21). The Links responded to the motion on January 18, 2017. (Doc. No. 22). And, on March 12, 2018, the trial court issued its judgment entry, finding that there was no evidence before it to place a genuine issue of material fact in dispute, and granted the motion for summary judgment. (Doc. No. 27). From this judgment entry Appellants timely appealed, and present the following assignments of error for our review:

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFFS' MOTION TO RECONSIDER.**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT WAYNE INSURANCE GROUP.**

*Appellants' First Assignment of Error*

{¶11} Under their first assignment of error, Appellants argue that the trial court abused its discretion when it denied Appellants' motion to reconsider. Specifically, Appellants argue that the trial court abused its discretion: when it

treated Appellants' motion to reconsider as solely a 60(B) motion; when it determined that the Appellants did not provide sufficient evidence in support of their defense to the third party complaint; and when it granted Appellee's motion for default judgment without allowing Appellants' a chance to respond to the motion. Finding that the trial court did not abuse its discretion, we overrule Appellants' first assignment of error.

*Standard of Review*

{¶12} "If a trial court chooses to reconsider its prior decision, * * * an appellate court must apply the standard of review applicable to the merits of the motion being reconsidered." *Klocinski v. Am. States Ins. Co.,* 6th Dist. Lucas No. L-03-1353, 2004-Ohio-6657, ¶ 12. The proper standard of review for decisions denying relief from default judgment is abuse of discretion. *New v. All Transp. Sol., Inc.,* 177 Ohio App.3d 620, 2008-Ohio-3949, 895 N.E.2d 606, ¶ 8. "Under an abuse of discretion standard, a lower court's decision will [* * *] be reversed [* * *] only when the court's decision is unreasonable, arbitrary, or unconscionable." *Morrow v. Becker,* 138 Ohio St.3d 11, 2013-Ohio-4542, 3 N.E.3d 144, ¶ 9. Given that the abuse of discretion standard is a deferential review, "[i]t is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by countervailing arguments."

*State v. Morris,* 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion. *Middendorf v. Middendorf,* 82 Ohio St.3d 397, 401, 1998-Ohio-403, 696 N.E.2d 575.

*Analysis*

{¶13} As a threshold matter, "'[b]efore a court can consider the merits of a legal claim, the person or entity seeking relief must establish standing to sue.'" *ProgressOhio.org, Inc. v. JobsOhio,* 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, ¶ 7 quoting *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. "'Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Lesser v. Burry,* 132 Ohio App.3d 319, 322, 724 N.E.2d 1227 (8th Dist.1999) quoting *In Matter of Foreclosure of Liens, Forfeiture of Property for Delinquent Land Taxes by Action in Rem Ann Fenner, Cty Treasurer v. Parcels of Land Encumbered with Delinquent Tax Liens,* 4th Dist. Highland No. 96CA906, 1997 WL 94245, *2. "To have standing, the general rule is that 'a litigant must assert its own rights, not the claims of third parties.'" *Util. Serv. Partners, Inc. v. Pub. Util. Comm.,* 124 Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 1038, ¶ 49 quoting *N. Canton v. Canton,* 114 Ohio St.3d 253, 2007-Ohio-4005, 871 N.E.2d 586, ¶ 14.

{¶14} The trial court, in its ruling on the Links' motion for reconsideration/motion to vacate default judgment, analyzed the merits of the claim, noting the following reservation: "[a]ssuming only for the purposes of this decision that the plaintiffs *have standing* to object to the default judgment entered against the Jacksons, the Court nevertheless finds that the plaintiffs did not set forth a meritorious defense to the third-party complaint." (Emphasis added). (Doc. No. 20). Even though the trial court went on to analyze the merits of the Links' motion, we cannot say that the trial court abused its discretion by expressing reservation regarding Links' standing (to set aside the default judgment). The record reveals that as third party defendants, the Jacksons failed to file an answer or otherwise defend Wayne Insurance's third party complaint.[2] Thus, when default judgment was granted against the Jacksons, the Links lacked standing to request relief from that default judgment.

{¶15} While third party standing is recognized in Ohio, it is "not looked favorably upon." *Util. Serv. Partners, Inc.* at ¶ 49. "Third party standing may be granted 'when a claimant (i) suffers its own injury in fact, (ii) possesses a sufficiently "close" relationship with the person who possesses the right,' and (iii) shows some 'hindrance' that stands in the way of the claimant seeking relief.'" *Id.*

---

[2] Notably, a review of the docket reveals that the Jacksons neither filed an answer nor appeared before the trial court at any time during the pendency of the case. (*See generally,* Tr. of Docket and Journal Entries).

{¶16} Here, we find that the Links failed to establish third-party standing. Specifically, they failed to establish that they possessed a sufficiently close relationship with the Jacksons. Moreover, the Links have shown no hindrance in the way of the Jacksons, the proper party to the counterclaim, to request relief from the default judgment granted by the trial court. Accordingly, we find the Links' failure to establish standing (to request a reconsideration of the default judgment granted against the Jacksons) is fatal because competent and credible evidence exists in the record supporting that the trial court did not abuse its discretion when it denied the Links' motion to reconsider. Appellant's first assignment of error is overruled.

## *Appellants' Second Assignment of Error*

{¶17} In their second assignment of error, the Links argue that the trial court erred by granting summary judgment in favor of Wayne Insurance. Specifically, the Links assert that the trial court erred in determining that the Links' lacked privity of contract with Wayne Insurance by virtue of a valid assignment. Further, the Links' argue that the trial court erred when it granted Wayne Insurance's motion for summary judgment on the bad faith and failure to defend claims. For the reasons that follow, we affirm the trial court's grant of summary judgment.

*Standard of Review*

**{¶18}** An appellate court reviews a trial court's decision on a motion for summary judgment *de novo*. *Hancock Fed. Credit Union v. Coppus,* 2015-Ohio-5312, 54 N.E.3d 806, ¶ 15 (3rd Dist.). Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Adkins v. Chief Supermarket,* 3rd Dist. Paulding No. 11-06-07, 2007-Ohio-772, ¶ 7. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95, 604 N.E.2d 138. The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93, 1996-Ohio-107, 662 N.E.2d 264. In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. *Id.* "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings". *Id.*; Civ.R. 56(E); *Brickner v. Wittwer*, 3rd Dist. Hardin No. 6-10-12, 2011-Ohio-39, ¶ 10.

*Analysis*

*Wayne Insurance's Motion for Summary Judgment*

**{¶19}** To support their motion for summary judgment, Wayne Insurance directed the trial court to its November 30, 2017 order declaring Patience Jackson's insurance policy #SH02742571 null and void as a matter of law. Specifically, the trial court's order stated:

> It is, therefore, ORDERED, ADJUDGED AND DECREED that Defendant/Third Party Plaintiff, Wayne Insurance Group dba Marion Mutual Insurance Association, is granted judgment against Third-Party Defendants, Patience Jackson and Douglas Jackson, awarding declaratory judgment as requested in the Third-Party Complaint. It is further, ORDERED, ADJUDGED AND DECREED that Defendant/Third-Party Plaintiff, Wayne Insurance Group dba Marion Mutual Insurance Association, owes no duty to defend or indemnify the Third-Party Defendants in the above-captioned matter, owed no duty to defend or indemnify the Third-Party Defendants in Allen County Court of Common Pleas Case No. CV 2016 0386, styled as *Mark A. Link, et al. v. Douglas Jackson, et al.* and further Orders that Third-Party Defendants are not entitled to coverage under the terms of the subject insurance policy. The insurance policy #SH02742571 attached to the Third-Party Complaint as "Exhibit A" [sic] because the insurance policy is null and void as a matter of law.

(Doc. No. 17). Additionally, the trial court found and ordered that Wayne Insurance did not have a "duty to defend or indemnify the Jacksons in the instant matter or in Allen County Common Pleas Court Case CV 2016 0386." (*Id.*). Most importantly, the trial court found and ordered that the Jacksons were not entitled to coverage under the terms of the subject insurance policy. (*Id.*).

{¶20} With respect to the possibility of the Links being third-party beneficiaries of the Jackson's insurance policy, Wayne Insurance directed the trial court to *Chitlik v. Allstate Ins. Co.,* wherein the 8th District Court of Appeals held: "[w]e are of the opinion that in the absence of statute of special provision in the policy, a standard liability insurance policy is not a contract for the benefit of a third person. The contract is made with the intention of benefiting the insured, not someone whom he injures." *Chitlik v. Allstate Ins. Co.,* 34 Ohio App.2d 193, 197, 299 N.E.2d 295 (8th Dist.1973). Wayne Insurance also directed the trial court to case law that indicated that an insurance company owes no duty to third parties. *See generally, Intercity Auto Sales, Inc. v. Evans,* 8th Dist. Cuyahoga No. 95778, 2011-Ohio-1378, ¶ 24 (finding that "[t]he insurer owes no duty to third parties"). *See also, Pasipanki v. Morton,* 61 Ohio App.3d 184, 185, 572 N.E.2d 234 (9th Dist.1990), *dismissed,* 52 Ohio St.3d 705, 557 N.E.2d 1212 (1990) (holding that an insurance's company's duty to act in good faith in settling claims only runs from the insurer to the insured, and not to third parties).

{¶21} Lastly, in anticipation of the Links' legal argument as to standing, Wayne Insurance directed the trial court to R.C. 3929.06, entitled "Liability insurance applied to satisfaction of final judgment; supplemental complaint; coverage defenses," which states, in its relevant part, as follows:

> (A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or

property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.

(2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.

(B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section.

R.C. 3929.06.

**{¶22}** Wayne Insurance argued that the plain language requirements of R.C. 3929.06 were not met by the Links, and, as a result, the Links were precluded from utilizing this statute to establish standing. Specifically, Wayne Insurance argued that the Links did not obtain a final judgment, and did not wait the statutorily required thirty-day period to commence the litigation. To support this argument,

Wayne Insurance attached the consent judgment entry from Allen County Common Pleas Case No. CV-2016-0386, which was filed on August 8, 2017. The complaint in the instant matter was filed August 1, 2017, *seven days prior to* the consent judgment being filed in the companion case.

**{¶23}** Since Wayne Insurance produced evidence that demonstrated the lack of a genuine issue of material fact, we find it met its initial burden for summary judgment.

*The Links' Reciprocal Burden*

**{¶24}** In order to meet their reciprocal burden, the Links posit several "questions of material fact" regarding the contract that the Jacksons signed with Wayne Insurance. Specifically, the Links argue that Wayne Insurance failed to provide evidence that Patience materially misrepresented facts, provided false statements, or concealed information in respect to owning any dogs at the time she filed her insurance application.

**{¶25}** We find this argument unpersuasive. Specifically, the Links question whether Patience had a dog on the premises at the time she completed her application for insurance in an attempt to establish a genuine issue of material fact with regard to the breach of contract claim. However, we find this allegation contradicts the facts pled by the Links in their initial complaint. (*See generally,* Doc. No. 1). Specifically, the second bullet point under the "facts" section of the

Links' complaint states: "[a]t the time Patience Jackson purchased her home, *she disclosed ownership of a dog on her insurance application and was approved by Defendant.*" (Emphasis added). (Doc. No. 1, p. 3). Since the trial court declared that Patience's insurance policy null and void as a matter of law, and because there were no specific facts provided (to the trial court) to demonstrate the existence of a genuine triable issue, we find that the Links' failed to meet their reciprocal burden showing the existence of a genuine issue of material fact.

{¶26} Nevertheless, the Links' argue that even if their breach of contract claim did not survive summary judgment, their bad faith and failure to defend claims, which are separate and distinct from the other, would survive Wayne Insurance's motion for summary judgment. In support of this argument, the Links direct us to *Bullet Trucking, Inc. v. Glen Falls Ins. Co.,* which provides that: "a cause of action for the tort of bad faith may exist irrespective of any liability arising from a breach of contract and may, in certain circumstances, be brought as a separate cause of action." *Bullet Trucking, Inc. v. Glen Falls Ins. Co.,* 84 Ohio App.3d 327, 333, 616 N.E.2d 1123 (2nd Dist.1992). However, we find *Bullet Trucking* to be distinguishable from the case at hand, because in *Bullet Trucking* there was no declaratory judgment related to the insurance policy. *Id.* at 329. In the instant matter, the trial court declared that not only was the insurance policy null and void as a matter of law, but also that Wayne Insurance had no duty to defend or indemnify

the Jacksons in the instant matter or in Allen County Common Pleas Court Case CV-2016-0386.

**{¶27}** Lastly, the trial court ordered that the Jacksons were not entitled to coverage under the terms of the subject insurance policy. As the trial court declared that Wayne Insurance had no duty to defend or indemnify the Jacksons and further declared that the Jacksons were not entitled to coverage under the terms of the subject insurance policy, the Links' assertion that a claim for bad faith *may* survive a motion for summary judgment on a breach of contract is not a "specific fact" that demonstrates a genuine triable issue.

**{¶28}** As the Links have failed to meet their reciprocal burden for summary judgment, we overrule their second assignment of error.

## *Conclusion*

**{¶29}** Having found no error prejudicial to the Links here in the particulars assigned and argued, we overrule the Links' first and second assignments of error and affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**