[Cite as *Continuum Transp. Servs., Ltd. v. Elite Internatl. Corp., L.L.C.*, 2024-Ohio-340.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CONTINUUM TRANSPORTATION
SERVICES, LTD.,

      Plaintiff-Appellee,

      v.

ELITE INTERNATIONAL
CORP., LLC, ET AL.,

      Defendants-Appellants.

:
:
:
:
:
:
:
:

No. 112640

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** February 1, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-917738

---

### *Appearances:*

Mansour Gavin LPA, Brendon P. Friesen, and Kenneth E. Smith, *for appellee*.

Mayle LLC, Andrew R. Mayle, and Benjamin G. Padanilam, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Salvatore (Sam) Marcello appeals the trial court's decision denying his motion for relief from judgment based on the insufficiency of process. For the

following reasons, we reverse the decision of the trial court, vacate the judgment entered against Marcello and remand for further proceedings.

{¶ 2} Continuum Transportation Services filed an action against several defendants, including Elite International Corp. LLC and its purported "owner" Marcello, in his individual capacity, based on fraud and breach of contract arising from the parties' business relationship — Continuum provided transportation services to the defendants. As is pertinent to this appeal, Continuum served the complaint on Elite's statutory agent Sheryl Canty at her 2118 South Plum Grove Road, Suite 282, Rolling Meadows, Illinois, address ("Rolling Meadows") in accordance with Civ.R. 4.1(A) and 4.2(F). Continuum also used Canty's Rolling Meadows address to serve Marcello in his individual capacity, sending service of process to "SAM MARCELLO c/o Sheryl L. Canty, Agent, 2118 South Plum Grove Road, Suite 282, Rolling Meadows, Illinois 60008." Throughout the proceedings, Continuum claimed that Canty's address was a business address associated with Marcello.

{¶ 3} There are several other related entities. According to Continuum's supporting documentation, MMS Holding, Inc. is the designated "manager" of Elite, with MMS being a reverse anagram of Marcello's initials. It is unclear who owns MMS Holding. The documentation presented by Continuum simply notes that the president and officer of MMS Holding is Michael Grimes, who is located at 271 E. North Avenue, Glendale Heights, Illinois ("Glendale Heights"). No shareholder for the corporation is listed. Canty was also the statutory agent for

MMS Holding and MMS Holding 2 Inc., the latter of which indicated that Marcello was the president and officer of the corporation, which is also located at the Glendale Heights address. Canty used the Rolling Meadows address as the statutory agent for the MMS Holding entities.

{¶ 4} Canty withdrew as statutory agent for Elite in April 2021, after Continuum completed service of the second amended complaint to her on behalf of Elite and Marcello individually.

{¶ 5} Continuum filed a motion for default against Elite and Marcello after they failed to appear in the action. The trial court granted default judgment in Continuum's favor, entering a judgment of $51,003.57 in compensatory damages, $102,007.14 in punitive damages, $26,043 in attorney fees, and $350.10 in costs against Elite and Marcello, jointly and severally.

{¶ 6} Continuum sought to collect the judgment in an Illinois state court action. Marcello eventually appeared in that action and filed a document captioned as "Motion to Dismiss Rule to Show Cause and Citation to Discovery Assets and a Motion to Vacate Foreign Judgment as Void with the Illinois Court," claiming that he was never properly served in the Ohio action. The Illinois state court denied the motion but stayed the proceedings pending Marcello's attempt to vacate the judgment in the underlying action. Marcello filed a motion styled as a Civ.R. 60(B) motion for relief from judgment, which included an affidavit wherein he swore that he never received the underlying complaint, that he never worked or maintained an office at the Rolling Meadows address, and that he never appointed Canty "to be my

'agent' to accept personal service on my behalf." Marcello also provided several statements that are best described as vacuous truths:[1] (1) that he never "lived" at the Rolling Meadows address; (2) that Canty was once a registered agent for "Kal-El Consulting," but that entity was dissolved; (3) that he was never personally served with the complaint at his residence; and (4) that he never lived at 101 Driscoll Lane, Unit 7, in Wood Dale, Illinois.

{¶ 7} The trial court denied the motion for relief from judgment against Marcello, and this appeal followed.

{¶ 8} A court must obtain personal jurisdiction over a defendant before a final judgment may be rendered. *Youngstown City Demolition v. Rainy Day Rentals*, 7th Dist. Mahoning No. 22 MA 0112, 2023-Ohio-3601, ¶ 12, citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Personal jurisdiction is obtained through perfecting service of process or a voluntary appearance and submission to the jurisdiction of the court. *Id.* A judgment rendered without jurisdiction is void.

{¶ 9} For this reason, and although insufficiency of service of process may be raised in a Civ.R. 60(B) motion, the party seeking relief "need not meet the requirements of establishing a meritorious defense or that the motion was timely filed under Civ.R. 60(B)." *Adams v. McElroy*, 8th Dist. Cuyahoga No. 105399, 2018-Ohio-89, ¶ 12-15, citing *Hook v. Collins,* 8th Dist. Cuyahoga No. 104825,

---

[1] Although the statements are arguably true, they have no bearing on any fact of consequence related to arguments in favor of Continuum having perfected service.

2017-Ohio-976, ¶ 12, and *CompuServe, Inc. v. Trionfo*, 91 Ohio App.3d 157, 161, 631 N.E.2d 1120 (10th Dist.1993). Granting a default judgment without first obtaining service over the defendant renders that judgment to be void. *Id.* In that situation, the party seeking relief is entitled to have the judgment vacated and the case reopened. *Id.*, citing *Broadvox, L.L.C. v. Oreste*, 8th Dist. Cuyahoga No. 92064, 2009-Ohio-3466, ¶ 12. Appellate review of a decision denying a motion to vacate a purportedly void judgment is for an abuse of discretion. *Adams*, citing *Hook* at ¶ 10; *Miley v. STS Sys.*, 153 Ohio App.3d 752, 2003-Ohio-4409, 795 N.E.2d 1254, ¶ 7 (10th Dist.); and *Hoffman v. New Life Fitness Ctrs.*, 116 Ohio App.3d 737, 739, 689 N.E.2d 84 (3d Dist.1996).

{¶ 10} Nothing within Civ.R. 4.1 requires service to be completed on the individual defendant to whom the mailing is addressed, nor is it tied to any one location. "Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Hook*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, at ¶ 13, citing *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). Individuals can be served at their "usual place of residence" or a business address, and any person residing at that address who is of "suitable age and discretion" may receive such service. Civ.R. 4.1(A); Civ.R. 4.2(F). Service of process is, therefore, not limited to being completed on the named defendant to whom the summons is directed. *New v. All Transp. Solution, Inc.*, 177 Ohio App.3d 620, 2008-Ohio-3949, 895 N.E.2d 606, ¶ 11 (10th Dist.). In *New*, for example, service of

process was completed when the returns demonstrated that the certified mail to the individual defendant and the corporate entity he owned were received at their legal addresses, both being the defendant's residence, even though the certified mail was received by the defendant's wife. *Id.*

{¶ 11} In order for the service on an individual to comply with due process requirements, the service of process must be made "in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Hook* at ¶ 13, citing *Swinehart*. The reasonably calculated analysis bears on "where" service must be sent, not to whom. *Swinehart* at 405 (concluding that although service is deemed complete when received by "someone other than the named addressee, thus dealing with the question of *who* may be served, it does not speak to the issue of *where* service by certified mail may be sent" (Emphasis sic.)). "The plaintiff bears the burden of obtaining proper service on a defendant." *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005-CA-97, 2006-Ohio-5380, ¶ 11, citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). "In those instances where the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service." *Id.*

{¶ 12} In this appeal, Continuum largely ignores the fact that service of process was sent to Canty on behalf of Marcello, indicated by the use of the "c/o" or "care of" designation in the complaint and summons. "Use of the phrase 'c/o,' which means 'care of,' is commonly used to designate mail that should be sent to a person

through a third party." *Maggio v. Wisconsin Ave. Psych. Ctr., Inc.*, 417 U.S.App.D.C. 320, 327, 795 F.3d 57 (2015) (Rogers, J., dissenting), citing *Webster's Third New International Dictionary* 338 (1993); *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision*, 78 Ohio St.3d 459, 462, 678 N.E.2d 917 (1997). That designation bears on the question of *who* may be served. Thus, Continuum attempted to serve Marcello by directing service to be made through a third party or agent. That distinguishes this case from *New*, in which service was addressed and sent to the individual defendant but was received by the defendant's wife at the defendant's legal address, which under the express language of Civ.R. 4.1(A)(1)(a) is deemed complete because it was received by "any person." *See New* at ¶ 1. In this case, the service of process for Marcello was directed through Canty; it was not sent to Marcello.

{¶ 13} Civ.R. 4.2(A) provides that service of process "shall be made * * * upon an individual * * * by serving the individual." Under Civ.R. 4(B), the summons and complaint "shall be * * * directed to the defendant." S*ee King v. Hazra*, 91 Ohio App.3d 534, 536, 632 N.E.2d 1336 (9th Dist.1993) (service of complaint directed through defendant's attorney did not comply with Civ.R. 4.1 through 4.6); *Gooch v. Toth*, 8th Dist. Cuyahoga No. 71061, 1997 Ohio App. LEXIS 1054, 8 (Mar. 20, 1997) (approvingly citing *Hazra*). There are notable exceptions for persons under the age of 16 years of age or those deemed incompetent. Service of process for those classes of individuals must be made upon an agent, defined as a guardian, parent or individual having care of the person unless certain exceptions apply.

Civ.R. .2(B)-(E). Civ.R. 4.2(A) does not contemplate sending service of process through an agent or third party, as demonstrated by the rule's express allowance for service on a guardian or agent in certain circumstances but omitting that exception for an individual under division (A) of the rule.[2] *Castellano v. Kosydar*, 42 Ohio St.2d 107, 110, 326 N.E.2d 686 (1975) (service of process sent through certified mail need not be signed *by the addressee* for service to be deemed complete).

{¶ 14} By way of illustration, the Federal Rules of Civil Procedure permit individual defendants to be served through an agent. *See* Fed.R.Civ.P. 4(e)(2)(c); *Harris v. Smith*, 6th Cir. No. 22-1682, 2023 U.S. App. LEXIS 8152, 4 (Apr. 5, 2023). *Harris* involved a plaintiff's attempt to serve several individually named defendants through the corporate counsel. Service in that case was made by sending the service to the individual defendants "c/o" their general counsel, which implicated the agency question. Unlike its federal counterpart, Civ.R. 4.2(A) does not include express authorization for service of process on an individual to be made through that individual's agent.

{¶ 15} Canty was the authorized agent to receive service of process on behalf of several corporate entities; however, Continuum has presented no authority that authorizes service upon the statutory agent on behalf of an individual or employee

---

[2] There are statutory exceptions to this general notion, such as R.C. 2703.20. That statute, creating a special statutory proceeding, authorizes service of process through the Ohio Secretary of State for nonresident owners and operators of motor vehicles. *Anson v. Tyree*, 22 Ohio St.3d 223, 225, 490 N.E.2d 593 (1986). Continuum has not cited any applicable statutory exception authorizing service of process through an agent for its purposes. *See* App.R. 16(A)(7). This decision is constrained by the arguments presented.

associated with the corporate entity. *See* R.C. 1701.07(A) ("Every corporation shall have and maintain an agent, sometimes referred to as the "statutory agent," upon whom any process, notice, or demand required or permitted by statute to be served *upon a corporation* may be served." (Emphasis added.)). Under general principles, "any information received by a corporation's statutory agent is imputed to the corporation, [but] not to any specific officer, director, employee or agent of the corporation." *Cent. Funding, Inc. v. Compuserve Interactive Servs., Inc.*, 10th Dist. Franklin No. 02AP-972, 2003-Ohio-5037, ¶ 34, citing *Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.*, 81 Ohio App.3d 591, 603, 611 N.E.2d 955 (9th Dist.1992).

{¶ 16} In addition, Civ.R. 4.2(F) differentiates between two types of service. Service of process may be made upon the corporation by serving the authorized agent *or* by serving the corporation at any of its usual places of business. Civ.R. 4.2(F). The use of the disjunctive indicates mutually exclusive alternatives. *State ex rel. Rear Door Bookstore v. Tenth Dist. Court of Appeals*, 63 Ohio St.3d 354, 361, 588 N.E.2d 116 (1992), citing *Webster's Third New International Dictionary* 651 (1986). Civ.R. 4.2(F) contemplates separate methods and locations to initiate service on a corporate entity: either serve an employee at the corporation's usual place of business or serve the statutory agent at the address provided by the agent. Under Civ.R. 4.2(A), however, service is completed on an individual by serving that individual. Absent authority demonstrating otherwise, it does not

appear that service upon a statutory agent of a corporate entity is an authorized method of service as it relates to an individual defendant under Civ.R. 4.2(A).

{¶ 17} Notwithstanding, the primary argument in this appeal is focused on where service of process was made. Our focus is not on who was served in this case, which was Canty who was purportedly to accept the service on behalf of Marcello, but instead it is where that summons was directed. Under *Swinehart*, if service is directed to a defendant at an address at which they live, regularly conduct business, or are employed, service of process can be found to be reasonably calculated to reach the named defendant.

{¶ 18} Marcello offered evidence that he neither resided nor maintained an office at the Rolling Meadows address. Continuum claims that Canty's address was a business address associated with Marcello. According to Continuum's documentation, Elite's place of business is located at the Glendale Heights location, the same address Marcello used for the purposes of the other corporate entities to which he is associated. Continuum's primary argument in favor of maintaining the judgment against Marcello in his individual capacity is that the service of process was delivered to Marcello's usual place of business, a type of location deemed to be reasonably calculated to apprise an individual of the pending action.

{¶ 19} No one disputes that service upon an individual that is sent to a usual place of business can comport with due process requirements because the party being served has a habitual, continuous, or highly continual and repeated physical presence at the business address. *Chuang Dev. LLC v. Raina*, 2017-Ohio-3000, 91

N.E.3d 230, ¶ 35 (10th Dist.), citing *Swinehart* at 406. Service of process at such a location is reasonably anticipated to provide the defendant with the requisite notice. The statutory agent's address, however, does not necessarily establish a place of business for a corporate entity's employees because service upon a person under Civ.R. 4.2(A) contemplates individual service. *See, e.g., A.O. Smith Corp. v. Perfection Corp.,* 10th Dist. Franklin No. 03AP-266, 2004-Ohio-4041, ¶ 16 (service of a subpoena upon a corporation's statutory agent does not effectuate service upon an individual employee since Civ.R. 45 contemplates individual service).

{¶ 20} There is no evidence that Marcello ever frequented Canty's address, much less that he had a continuous and repeated presence at that address for the purposes of service of process. Although we agree with Continuum that an individual may be served at their usual place of business in order to perfect service of process, it has not been established that the Rolling Meadows location was such a place with respect to Marcello. The Ohio Supreme Court concluded that service was not reasonably calculated to apprise the defendant of the pending action because service was sent to a location for which the defendant "did not maintain an office on the premises of the business," and his usual place of business was in fact in another location." *Swinehart*, 62 Ohio St.2d at 406-407.

{¶ 21} The service of process addressed to Canty on behalf of Marcello, which in this case was sent through certified mail under Civ.R. 4.1(A), was insufficient to perfect service against Marcello in his individual capacity because

Continuum failed to establish that Canty's Rolling Meadows address was a usual place of business for Marcello.

{¶ 22} Service was never perfected according to the civil rules, so the presumption of proper service never arose. The motion for relief from judgment should have been granted, and the trial court erred in concluding otherwise. The judgment against Marcello is hereby vacated, and the matter remanded for further proceedings consistent with this opinion.

{¶ 23} Reversed, vacated, and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR